[Civ. No. 5557. First Appellate District, Division Two.—February 10, 1927.]

M. N. COSULICH, Appellant, v. R. J. STEMPEL, Respondent.

[1] MALICIOUS PROSECUTION—BASIS OF ACTION—JUDICIAL PROCEEDING. An action for malicious prosecution will lie only when a party has instituted or prosecuted with malice and without reasonable or probable cause some judicial proceeding against another.

1. See 18 R. C. L. 11; 16 Cal. Jur. 728.

[2] ID. — APPLICATION FOR REAL ESTATE BROKER'S LICENSE — FALSE INFORMATION AGAINST APPLICANT. — An application to the real estate commissioner for a license, by one who is not a licensed real estate broker, is not a proceeding of a judicial nature; and an action for malicious prosecution will not lie against one who maliciously and falsely, and without probable cause, files with the commissioner an information under oath accusing the applicant of dishonesty and misconduct.

(1) 38 C. J., p. 383, n. 3, p. 387, n. 72.    (2) 4 C. J., p. 1069, n. 23; 38 C. J., p. 387, n. 72.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Marion Vecki for Appellant.

Edwin L. Forster for Respondent.

NOURSE, J.—Plaintiff sued for damages for malicious prosecution. Defendant's demurrer to the complaint was sustained without leave to amend, and judgment for the defendant followed. Plaintiff has appealed on the judgment-roll.

The complaint alleges that on December 4, 1923, plaintiff filed with the real estate commissioner his application for a license as a real estate broker; that on December 18, 1923, defendant maliciously and falsely filed with the real estate commissioner his information under oath accusing plaintiff of dishonesty and misconduct; that said charges were without probable cause, but resulted in delaying the issuance of plaintiff's license; and that on January 11, 1924, after a full hearing of said charges upon the merits, the real estate commissioner found in favor of plaintiff and caused a broker's license to be issued to him.

2. What amounts to institution of proceeding sufficient to support action for malicious prosecution, note, 12 Ann. Cas. 1021. Witnesses' testimony as basis for malicious prosecution, note, 12 A. L. R. 1259. See, also, 18 R. C. L. 17; 16 Cal. Jur. 732.

The appeal presents the single question whether an action for malicious prosecution may be based upon transactions of this kind before the real estate commissioner. [1] The general rule is that the action will lie only when a party has instituted or prosecuted with malice and without reasonable or probable cause some judicial proceeding against another. (16 Cal. Jur., p. 728.) There has been a wide difference of opinion as to whether the action will lie when the proceedings instituted are not criminal in their nature (18 R. C. L., p. 13), but the authorities are in accord that they must be judicial proceedings and brought before some judicial tribunal. (38 Cor. Jur., p. 387.)

[2] By the statute under which the real estate commissioner functions (Deering's General Laws 1923, Act 112), it is provided that the commissioner may investigate the actions of "any person . . . engaged in the business or acting in the capacity of a real estate broker . . . and shall have the power to temporarily suspend or permanently revoke licenses issued under the provisions of this act." (Sec. 12.) For the purpose of this investigation the commissioner is authorized in sections 12 and 13 of the act to issue process, to subpoena witnesses, and to hear and determine the charges against the licensee. Statutes of this nature which confer upon administrative bodies the power to hear and determine controversies incidental to their administrative functions have been held to create a *quasi*-judicial body with jurisdiction to entertain proceedings which, though judicial in their character, are not in conflict with the constitutional limitations regarding the judicial powers of the state.

It is because of these provisions of the act that the appellant argues that the proceedings instituted against him were judicial proceedings within the rule applicable to malicious prosecution. The difficulty with appellant's position is that his complaint affirmatively shows that he was not a licensed broker under the statute when the acts complained of were done. He had merely applied to the commissioner for a license, and though the commissioner delayed action because of respondent's affidavit until he satisfied himself that the appellant was a suitable person to be awarded a license, there were no proceedings of a judicial nature either instituted or determined.

We withhold expression of opinion as to whether proceedings for the revocation of a license once issued would come within the rule, because the proceedings pleaded here were not of that character. The only question argued on this appeal is whether the acts pleaded were sufficient as a basis for a suit for malicious prosecution, and for that reason we have not considered the complaint to determine whether it states facts sufficient to entitle plaintiff to relief under some other theory. On the case presented we are satisfied that the demurrer was properly sustained.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 11, 1927.